signment for fraud. The distinction which appellants undertake to make between the facts upon which *Trust Co. v. Rose* was decided, and the facts alleged in the cross-complaint and admitted by the demurrers in the instant case, is not sustained on principle. In this State, banks, organized under its laws and carrying on business pursuant thereto, have the power not only to discount, but also to negotiate promissory notes, drafts, bills of exchange and other evidences of indebtedness. 3 C. S., 220(a). The power to negotiate involves the power to sell as well as the power to buy, and includes necessarily the power to assign or transfer. Black's Law Dict., p. 812. There is no statutory limitation upon the power of a bank to assign or transfer its assets, or any part of the same for any lawful purpose.

As the allegations of the cross-complaint will doubtless be denied in the answers thereto, which appellants are authorized to file, by the judgment overruling their demurrers, we refrain from passing upon questions discussed in the briefs, filed upon this appeal. The pertinency of these questions depends upon the facts as they may be determined by the verdict of the jury. There is no error in the judgment overruling the demurrers, and allowing appellants time to answer as they may be advised. The judgment is

Affirmed.

---

#### H. C. AMMONS v. ST. PETER'S HOSPITAL, INCORPORATED.

#### (Filed 2 May, 1928.)

**Negligence—Acts and Omissions Constituting Negligence—Condition and Use of Land—Obstructions.**

> One who is injured at night, while attempting to carry a patient into a hospital, by tripping over an unseen wire strung around a grass plot to prevent trespassing thereon cannot recover damages therefor against the hospital, the injury being due to an accident.

APPEAL by plaintiff from *Oglesby, J.*, at March Term, 1928, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury sustained by plaintiff when he fell over a wire, strung along a walk in the front yard of defendant's premises, and broke his leg.

The evidence tends to show that on the night of 27 December, 1926, the plaintiff, in company with a friend, was traveling by motor from Red Springs to Charlotte, N. C. About nine miles from the city of Charlotte, they came upon three men, who had been injured in an automobile wreck. The plaintiff and his friend ministered to the wounded

men, placed them in their car and hastened with them to St. Peter's Hospital. This was about 10:00 p. m. The night was dark and·rainy. Upon arriving at the hospital, plaintiff drove to the side entrance, at the suggestion of one of the men, and sought to gain admittance there. Failing to get any response from several rappings on the side door, the plaintiff, to use his own language, "feeling like minutes were hours in that critical moment," started around to the front entrance. "As I got by the corner of the hospital I noticed a walkway—what I taken to be a walkway—across the lot, and to make a narrow cut, I went that way—went across the lot, got nearly to the front steps when I tripped on a wire and was thrown to the steps and my leg was broken. I did not see the wire.".

As a matter of fact, plaintiff was not in a walkway when he fell, nor had there ever been one there. .The wire in question was strung a few inches from the cement walkway leading from the street to the front steps of the hospital. It was put up to keep people from walking over the grass, and consisted of two strands, strung on iron posts about 18 inches high, and was placed around the entire grass plot. Plaintiff had to cross the wire in order to get on the grass plot. He tripped and fell in coming out of the circle.

From a judgment of nonsuit, entered at the close of all the evidence, the plaintiff appeals, assigning error.

*Whitlock, Dockery & Shaw for plaintiff.*
*Hamilton C. Jones and Taliaferro & Clarkson for defendant.*

PER CURIAM. Plaintiff was the victim of an unfortunate accident while acting the part of a good Samaritan, but, on the record, the St. Peter's Hospital, Inc., cannot be held legally liable for his injuries.

Affirmed.

---

### JOHN W. MOORE v. ISRAEL SCHWARTZ.

(Filed 2 May, 1928.)

**Gambling—Action Will Not Lie Against Maker of Check Given for Gambling Debt.**

An action will not lie to recover against the maker upon a note given for a gambling debt.

CIVIL ACTION before *Harding, J.,* at December Term, 1927, of MECK-LENBURG.

The defendant was indebted to the plaintiff for $183.00 and plaintiff brought suit in a magistrate's court against the defendant to recover that